Michael S. Agruss
SBN: 259567
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiffs,
JAMES AND KIMBERLY MAJORS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| JAMES AND KIMBERLY MAJORS, <br><br> Plaintiffs, <br> v. <br><br> NATIONAL CREDIT ADJUSTERS, LLC, <br><br> Defendant. | **Case No.:** <br><br> **PLAINTIFFS'S COMPLAINT** |

**PLAINTIFFS'S COMPLAINT**

Plaintiffs, JAMES AND KIMBERLY MAJORS ("Plaintiffs"), through their attorney, AGRUSS LAW FIRM, LLC, allege the following against Defendant, NATIONAL CREDIT ADJUSTERS, LLC ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiffs' Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiffs are natural persons residing in Clovis, Fresno County, California.

7. Plaintiffs are consumers as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiffs are, and at all times mentioned herein were, each a "person" as defined by 47 U.S.C. § 153 (10).

9. Plaintiffs allegedly owe a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c).

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiffs.

12. Defendant is a collection agency located in Hutchinson, Reno County, Kansas.

13. Defendant is a business entity engaged in the collection of debt within the State of California.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect a consumer debt from Plaintiffs originating from a RISE credit personal loan.

21. Plaintiffs' alleged debt owed arises from transactions for personal, family, and household purposes.

22. In or around November 2015, Defendant began placing collection calls to Plaintiffs on Plaintiffs' cellular telephones. Plaintiff Kimberly Majors' cellular telephone number is xxx-xxx-3399 and Plaintiff James Majors' number is xxx-xxx-4288.

23. Plaintiffs have answered multiple calls that Defendant placed to their cellular telephones.

24. When Plaintiff Kimberly answered calls from Defendant, Plaintiff told Defendant's collector multiple times that she could not receive calls during work hours and to stop calling her while she is at work.

25. Despite Plaintiff's request, Defendant continued to place calls to Plaintiff's cellular telephone while she was at work in an attempt to collect the alleged debt owed.

26. When Plaintiff James answers calls from Defendant, Plaintiff speaks to one of Defendant's collectors named Jeanette.

27. When Plaintiff spoke to Jeanette, she told him that the whole note was going to be due that day. When Plaintiff stated he could not pay the whole debt that day, Jeanette made disparaging remarks to Plaintiff and said "your wife doesn't even know about this, what kind of man are you?"

28. Defendant's collectors have also threatened Plaintiffs with litigation if they did not pay the alleged debt owed.

29. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

30. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

31. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692(c)(1) of the FDCPA by communicating with a consumer at a time or place known or which should be known to be inconvenient to the consumer when Defendant continued to place collection calls to Plaintiff at work after Plaintiff had informed Defendant she could not receive such calls at work;

    b. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to place collection calls to Plaintiff's work after Plaintiff told Defendant to stop calling her while she was at work;

    c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly

4

or continuously with intent to annoy, abuse, or harass any person when Defendant continued to place collection calls to Plaintiffs after Plaintiffs requested Defendant to stop calling several times; and

d. Defendant violated §1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken when Defendant threatened to initiate litigation against Plaintiffs without the intention of doing so.

WHEREFORE, Plaintiffs, JAMES AND KIMBERLY MAJORS, respectfully request judgment be entered against Defendant, NATIONAL CREDIT ADJUSTERS, LLC, for the following:

32. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

33. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

34. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

35. Plaintiffs repeat and re-allege paragraphs 1-30 of Plaintiffs' Complaint as the allegations in Count II of Plaintiffs' Complaint.

36. Defendant violated the RFDCPA based on the following:

a. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiffs, JAMES AND KIMBERLY MAJORS, respectfully request judgment be entered against Defendant, NATIONAL CREDIT ADJUSTERS, LLC, for the following:

37. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

38. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

39. Any other relief that this Honorable Court deems appropriate.

                                  RESPECTFULLY SUBMITTED,

DATED:  April 18, 2016            AGRUSS LAW FIRM, LLC

                                  By: /s/  Michael S. Agruss
                                       Michael S. Agruss
                                       Attorney for Plaintiffs
                                       JAMES AND KIMBERLY MAJORS